Frank J. Lozoya IV (SBN: 161640)
LAW OFFICES OF LOZOYA & LOZOYA
15060 Ventura Boulevard, Suite 211
Sherman Oaks, California 91403
Telephone:  (818) 789-7150
Facsimile:   (818) 789-7190
Email: fj.lozoya@lozoyalaw.com
Attorneys for Plaintiffs and Cross-Defendants,
TRIDENT LABS INC., a California Corporation
and JET STREAM DENTAL LABORATORY LLC

Mitchell J. Popham (SBN: 126194)
mpopham@lockelord.com
Kelly S. Sinner (SBN: 252515)
ksinner@lockelord.com
Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071
Telephone:  213-485-1500
Fax:  213-485-1200

Attorneys for Defendant and Cross-Complainant
DHL EXPRESS (USA), INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIDENT LABS INC. a California Corporation and JET STREAM DENTAL LABORATORY LLC,.<br><br>                                   Plaintiffs,<br><br>      vs.<br><br>DHL EXPRESS, (USA), INC. and DOES 1 through 100, inclusive;<br><br>                                   Defendant.<br><br>_____<br><br>AND RELATED COUNTER-CLAIMS<br>_____ | CASE NO. CV 09-00758 DDP (PJWx)<br><br>**PLAINTIFFS'/CROSS-DEFENDANTS' AND DEFENDANT'S/CROSS-COMPLAINANT'S JOINT STIPULATION FOR PROTECTIVE ORDER AND A REQUEST FOR AN ORDER THEREON** |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the parties to this litigation hereby agree and stipulate to the following protective order:

WHEREAS, the parties to this action anticipate the production of documents that contain confidential, proprietary and trade secret information not in the public domain that would potentially infringe commercial rights and nondisclosure obligations if such documents were to be made public;

WHEREAS, any party to this action may in the future request that the other parties produce documents in this litigation which a party may contend are proprietary, trade secret, private and/or confidential;

WHEREAS, in order to further discovery in this action, while protecting the above-referenced documents and information from unrestricted disclosure to or discovery by third parties, the parties have agreed to production of documents and information upon the terms and conditions specified herein.

Pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 26(c), IT IS HEREBY STIPULATED by and among the parties hereto, through their respective counsel of record, that an Order be entered providing as follows:

1.     For the purpose of this Order, "INFORMATION" is defined broadly to include information in any form, whether provided in response to a request for information or a result of mandatory disclosure obligations, in documents, or in testimony.  "DOCUMENT" is defined broadly to include tangible paper as well as INFORMATION stored electronically on disc, tape or otherwise or as defined in F.R.C.P. Rule 34(a)(1).

2.     As used herein, "CONFIDENTIAL MATERIAL" means INFORMATION or DOCUMENTS that is non-public, confidential, and/or competitively sensitive, and which contains proprietary and confidential business and financial information, including INFORMATION or DOCUMENTS constituting or pertaining to pricing, financial INFORMATION or data, wage and benefits data, trade

secrets, other competitively sensitive research and development, and other commercial INFORMATION. "CONFIDENTIAL MATERIAL" further includes the original and any copies of any DOCUMENTS, response, testimony or INFORMATION which has been marked as "confidential" and any excerpt, quotation, paraphrase or other description thereof which conveys the confidential contents thereof.

3.    The parties acknowledge that they will be exchanging CONFIDENTIAL MATERIAL solely because they are parties to the above-captioned case and therefore agree that all INFORMATION or DOCUMENTS exchanged between them that is designated as "confidential" will be used only for purposes of this case and any litigation or arbitration relating to the claims alleged in this action and/or alternative dispute resolution efforts between the parties hereto and for no other purpose.

4.    No CONFIDENTIAL MATERIAL shall be disclosed to any person, or used for any purpose, except in accordance with the terms of this Stipulation and Order and each party shall take all reasonably necessary steps to preserve the confidentiality of the CONFIDENTIAL MATERIAL.

5.    A party may mark DOCUMENTS produced by that party in discovery falling into the following categories as "confidential" on the face of the DOCUMENT along with an indication identifying the producing party:

   a.    The following information regarding parties, witnesses or other individuals:  name; address; Social Security number; date of birth; telephone records/numbers; wage and benefit data; account numbers; and, other financial information or data; and/or,

   b.    Proprietary INFORMATION, trade secret, financial, competitive and/or other proprietary INFORMATION, including, but not limited to DOCUMENTS generated for the internal use by a party's management and/or employees, and notes, correspondence and/or DOCUMENTS referring thereto.

6.    A party seeking to designate as "confidential" any DOCUMENT falling into the categories set forth in paragraph 5 shall notify the other parties by labeling the DOCUMENTS "confidential" on the face of the DOCUMENTS along with an indication identifying the producing party, and the parties receiving the CONFIDENTIAL MATERIAL shall take all steps necessary to ensure that others listed in paragraph 10 who have received the CONFIDENTIAL MATERIAL treat it as confidential.

7.    A party also may mark as "confidential" INFORMATION set forth in the transcript of any deposition taken in this action falling into the categories set forth in paragraph 5 either before or during the deposition or within fourteen (14) days after the attorney's receipt of the transcript of the deposition.

8.    If the CONFIDENTIAL MATERIAL is contained in testimony offered at the hearing of the case or otherwise, the party seeking to designate the INFORMATION as confidential shall do so either on the record at the time the testimony is offered or within fourteen (14) days from the date of the hearing.

9.    INFORMATION or DOCUMENTS inadvertently disclosed without being designated confidential may thereafter be designated confidential by notifying the parties receiving the INFORMATION or DOCUMENTS in writing that such INFORMATION or DOCUMENTS is confidential, and the receiving parties shall thereafter treat the INFORMATION or DOCUMENTS as confidential and shall take all reasonable steps necessary to ensure that others who receive the CONFIDENTIAL MATERIAL treat it as confidential in accordance with this Stipulation and Order.

10.    Access to and disclosure of CONFIDENTIAL MATERIAL shall be limited as provided herein, as agreed to by the parties to this Stipulation in writing, or as otherwise ordered by the Court to:

      a.    The Court, including court personnel and/or court reporters who are engaged in connection with the administration of, preparation for and trial of this matter;

b.    A party and/or any attorneys or employees of the party or its counsel if such persons are engaged and/or involved in the prosecution and/or defense of this matter and/or the preparation for and trial of this matter (for the purposes of these subparagraphs to paragraph 10, "party" shall include any parent or affiliate of the particular party);

c.    Current and/or former officers, directors or employees of the parties who are assisting in the preparation of or are engaged and/or involved in the prosecution and/or defense of this matter and for the preparation for and trial of this matter;

d.    Any person whose deposition is taken in this action or who is being prepared by counsel to give testimony at deposition, hearing or trial;

e.    Outside/independent experts and consultants for any party, including their stenographic and clerical personnel, whose advice or consultation is solely being or will be used by such party in connection with this action; and/or,

f.    Employees of litigation support companies, including reproduction companies and imaging vendors.

11.    No party shall disclose CONFIDENTIAL MATERIAL to any person other than those specified in paragraph 10, including subparagraphs (a) through (f). However, if counsel shall hereafter desire to give, show, make available or communicate such materials to any persons other than those referred to in paragraph 10 above, or if any party receives from a third party a subpoena, discovery request or other demand for CONFIDENTIAL MATERIAL disclosed in this case, counsel shall notify the counsel for the party which produced the CONFIDENTIAL MATERIAL and who so designated said information in writing of the proposed use or disclosure and shall specify the name, occupation and address of the person to whom disclosure

is proposed, the reason for the proposed disclosure, and a description of the documents or information disclosed.  Additionally, counsel for the party receiving the request shall immediately advise the requesting party who demanded the CONFIDENTIAL MATERIAL that the INFORMATION or DOCUMENTS is confidential and subject to a protective order.  The party receiving the request for CONFIDENTIAL MATERIAL from a third party shall take all steps reasonably necessary to preserve the confidentiality of the CONFIDENTIAL MATERIAL and shall reasonably cooperate with the party who designated the CONFIDENTIAL MATERIAL as confidential in seeking a protective order or other limitation on disclosure of the CONFIDENTIAL MATERIAL.

12.    In the event that the party which produced the CONFIDENTIAL MATERIAL objects to the disclosure of CONFIDENTIAL MATERIAL to a person designated under paragraph 11, the party shall within ten (10) days of receipt of notice of the intended disclosure notify the opposing party in writing of such objection and the grounds therefore, and, if such dispute is not resolved on an informal basis, the objecting party shall promptly submit such objection to the Court for ruling.  Such motion or application shall be filed within fourteen (14) days after it is agreed that no informal resolution can be reached.  There shall be no disclosure pending a resolution of the dispute either on an informal basis or by a ruling of the Court.  The party designating the CONFIDENTIAL MATERIAL as confidential shall have the burden of demonstrating good cause for the confidential designation.

13.    CONFIDENTIAL MATERIAL shall not be given, shown, made available, discussed or otherwise communicated to anyone other than the attorneys of record and persons specified in paragraphs 10(a) and 10(b) without first informing him or her of the contests of this Stipulation and Order.  In the case of persons specified in paragraph 10(c) through paragraph 10(f) and any person designated under paragraph 11, counsel shall obtain from such person a signed acknowledgement, in the form attached hereto as Exhibit A.  Counsel making such disclosure shall retain the

original acknowledgements described hereinabove, together with the full names and addresses of each signer.  Within sixty (60) days after the conclusion of this matter by dismissal, final judgment, disposition on appeal, or settlement as to the parties, as described below in paragraph 18, counsel making such disclosure shall provide, if requested, to counsel for the party that originally produced the CONFIDENTIAL MATERIAL copies of all signature pages and acknowledgements, except for those acknowledgements signed by non-disclosed consultants as designated in paragraph 10(e).

14.    Any deponent or witness who is not a party or an employee, officer or director of a party shall not retain the original or any copy of any such CONFIDENTIAL MATERIAL and only may be shown such material.  Deponents and witnesses shall make no disclosure or use of such CONFIDENTIAL MATERIAL, or any part thereof, except to respond to deposition questions during the course of a deposition taken in this action or at a hearing or trial or otherwise in accordance with this Stipulation and Order.  No copy of any portion of any deposition transcript or deposition exhibit for a deposition in this action which contains CONFIDENTIAL MATERIAL shall be furnished by the reporter to any person not identified in paragraph 10 above.

15.    Nothing in this Stipulation shall be construed as requiring disclosure of any material that a party contends is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other valid legal objection thereto.

16.    The entering into this Stipulation and Order shall not and does not constitute an admission or concession or permit an inference that any DOCUMENT, response, testimony or INFORMATION designated as CONFIDENTIAL MATERIAL is, in fact, confidential or contains CONFIDENTIAL MATERIAL.  Conversely, any inadvertent disclosure of CONFIDENTIAL MATERIAL under this

Stipulation and Order shall not be construed as a waiver of the confidentiality of the material.

17.   Any party, through counsel, may make a good faith written objection to the designation of CONFIDENTIAL MATERIAL marked as "confidential" and may make a motion for an order compelling disclosure of and/or access to such material without restriction or make a motion for an order denying access to such information within thirty (30) days of the production and designation of such CONFIDENTIAL MATERIAL as "confidential" provided that the parties first make a reasonable, good faith effort to resolve the issue.  The party designating the CONFIDENTIAL MATERIAL as confidential shall have the burden of demonstrating good cause for the confidential designation.  The failure to seek to remove the confidential designation shall not be construed as a concession that the INFORMATION or DOCUMENT is confidential, and any dispute as to designation shall not be grounds for delay of or refusal to permit discovery provided, however, that until otherwise ordered by the Court, all of the INFORMATION or DOCUMENTS as to which a dispute exists shall be treated as "confidential" and subject to the provisions of this Stipulation and Order.

18.   Within ninety (90) days after the conclusion of this matter by dismissal, final judgment, disposition on appeal, or settlement, all CONFIDENTIAL MATERIAL produced in this litigation shall, upon demand, be returned to counsel for the party which originally produced such CONFIDENTIAL MATERIAL or designated them as "confidential."  All portions of notes, compilations, photographs, memos, etc. specifically incorporating CONFIDENTIAL MATERIAL (including, without limitation, all portions of notes, compilations, photographs, memos, etc. in the possession of persons signing acknowledgements in the form attached hereto as Exhibit A shall be destroyed by counsel for the receiving party (i.e., counsel to which the CONFIDENTIAL MATERIALS were produced).  Additionally, all consultants or experts, as set forth herein above in paragraph 10(e), shall return all CONFIDENTIAL MATERIAL to the counsel/attorney that retained the expert or consultant upon the

1   cessation of their services, and counsel shall retain the same in his/her case records,

2   except as otherwise provided in this paragraph.  Alternatively, if agreed to by the

3   producing party, the CONFIDENTIAL MATERIAL may be destroyed by counsel for

4   the receiving party.  This Stipulation and Order shall survive the conclusion of this

5   matter.  Notwithstanding the foregoing, CONFIDENTIAL MATERIAL filed with the

6   Court, attorneys' notes or other materials protected by the work product or attorney-

7   client privilege and deposition or other transcripts need not be destroyed, but shall be

8   kept "confidential" as provided herein.

9          19.    This Stipulation and Order shall not apply to any DOCUMENT or

10  INFORMATION contained therein which is available publicly, which is a matter of

11  public record on file with any court or governmental or regulatory agency or board, or

12  which is or becomes available to a party by any lawful and unrestricted means.

13         20.    This Stipulation and any Order thereon may only be modified in part or

14  entirely by written agreement of the parties hereto or upon application to an entry of

15  an Order by the Court for good cause shown.

16         21.    Until this Stipulation and Protective Order has been signed by the Court,

17  it shall be effective as an agreement among the parties immediately upon its execution

18  by counsel of record for all parties.  This Order may be modified by the Court upon

19  good cause shown by noticed motion or by stipulation.

20         **IT IS SO AGREED AND STIPULATED:**

21

22  Dated:  October 23, 2009            LAW OFFICES OF LOZOYA &
                                        LOZOYA
23

24                                      By:   /s/ Frank J. Lozoya
                                              Frank J. Lozoya IV
25

26                                      Attorneys for Plaintiffs and Cross-
                                        Defendants **TRIDENT LABS INC.**, a
27                                      California Corporation and **JET
                                        STREAM DENTAL LABORATORY
28                                      LLC**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  October 23, 2009

LOCKE LORD BISSELL & LIDDELL LLP


By:   /s/ Kelly S. Sinner
        Mitchell J. Popham
        Kelly S. Sinner
Attorneys for Defendant and Cross-Complainant **DHL EXPRESS (USA), INC.**

JOINT STIPULATION FOR PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

Pursuant to a Joint Stipulation of the Parties, and good cause having been shown for the necessity of a Protective Order in this matter, it is hereby ordered that the terms of the Stipulation as set forth herein above are to be followed as specified.

**IT IS SO ORDERED:**

Dated:   10/26/09

_____

Patrick J. Walsh

Magistrate Judge of the U.S. District Court

JOINT STIPULATION FOR PROTECTIVE ORDER

Exhibit A – Form of Acknowledgement

**<u>ACKNOWLEDGMENT PURSUANT TO PROTECTIVE ORDER</u>**

I, _____, hereby affirm:  (1) I have received and red the Joint Stipulation For Protective Order; Order Thereon in *Trident Labs, Inc. et al. v. DHL Express, (USA), Inc.*, and related counter-claims, U.S. District Court for the Central District of California, Case No. CV09-00758 DDP (PJWx); (2) I understand the terms thereof and agree to be bound thereby; and, (3) I am aware that a violation of such Order may result in a finding of contempt or other remedy.

Dated: _____        By:_____

LA 634306v.1

JOINT STIPULATION FOR PROTECTIVE ORDER